IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 2:10-cr-00175 JAM

    v.

WQAS KHAN and MIRANDA ESPINOZA,

        Defendants.              <u>ORDER TO SHOW CAUSE</u>

_____/

        Presently before the court is defendant Wqas Kahn's Second Motion to Compel Discovery, which was filed on December 29, 2010, and noticed for a hearing before the undersigned to take place on January 11, 2011.  (Dkt. No. 61.)  On December 31, 2010, defendant Miranda Espinoza filed a notice of joinder in the motion to compel.  (Dkt. No. 62.)  The court's docket reveals that the government has not filed an opposition to the motion or otherwise responded to the motion.

        The undersigned has two concerns in regards to the motion to compel.  First, it appears that the motion to compel was not noticed in conformity with this court's Local Rules.  Generally, Local Rule 430.1(c) provides that motions in criminal matters shall be noticed on the motion calendar of the assigned district judge or magistrate judge at least 14 days prior to the

1

intended hearing date. E. Dist. Local Rule 430.1(c) ("The moving party shall notice all pretrial motions for hearing on the regularly scheduled calendar of the assigned Judge or Magistrate Judge not less than fourteen (14) days after the filing of the motion, and at least seven (7) days before the date of trial confirmation if that date has been established."). Although defendant Khan's counsel signed the motion to compel on December 27, 2010, the motion was not actually filed until December 29, 2010. Accordingly, the motion to compel cannot be heard until January 12, 2011, at the earliest, and the motion does not conform with the notice requirements in the Local Rules.

Second, the court has not received any response or opposition to the motion to compel from the government. The government has neither provided notice to the court that it objects to the improperly noticed motion to compel nor substantively opposed the motion. Assuming that the motion was properly noticed, a written opposition to the motion was due on or before January 4, 2011. See E. Dist. Local Rule 430.1(d) ("The responding party shall file and serve an opposition brief and any accompanying affidavits or documentary evidence on all other parties within seven (7) days."). The undersigned is thus confused as to whether the government intends to oppose the motion to compel on procedural or substantive grounds, or whether the government believes that it had no obligation to respond because the motion was improperly noticed.[1] In any event, if the government does not oppose the motion to compel, it should have filed a statement of non-opposition. See id. ("A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.").

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Counsel for the parties shall meet and confer regarding the issues outlined

---

[1] Notably, "[n]o party will be entitled to be heard in opposition to a motion at oral argument if that party has not timely filed an opposition to the motion." E. Dist. Local Rule 430.1(d).

above that pertain to the motion to compel.

2. The parties shall, either jointly or separately, but preferably jointly, show cause in writing no later than Friday, January 7, 2011, at 4:00 p.m., why: (1) the motion to compel was properly noticed and thus should not be dropped from the court's calendar on January 11, 2011, and (2) assuming the motion to compel is properly before the court, the court should consider any late opposition to the motion from the government.

3. If the parties agree that the motion was not properly noticed, defendants may re-notice the motion for an appropriate law and motion date and immediately provide notice to the court in writing of such re-noticing.

IT IS SO ORDERED.

DATED: January 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE